UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| | | Case No. 8:14-cv-00315-MJG |
| **MICHAEL EDWIN BURKHART** | * | Bankr. Case No. 12-26888 |
| **TERESA STEIN BURKHART** | | |
| | * | |
| | | (Chapter 13) |
| Debtors/Appellants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

_____

**APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND, GREENBELT DIVISION**
(From the Honorable Paul Mannes)

_____

_____

REPLY BRIEF FOR THE APPELLANTS
_____

John Douglas Burns, Esquire (#22777)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, MD 20770
(301) 441-8780
jburns@burnsbankruptcyfirm.com
Counsel for Appellants

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………..3

STATEMENT OF APPELLATE JURISDICTION…………………...4

STATEMENT OF THE ISSUES PRESENTED……………………...4

STANDARD OF REVIEW……………………………………………4

STATEMENT OF THE CASE………………………………………..4

STATEMENT OF THE FACTS………………………………………4

ARGUMENT…………………………………………………………4-6

CONCLUSION……………………………………………………….7

## **TABLE OF AUTHORITIES**

### **Federal Cases/State Cases:**

Brisco v. United States (In re Brisco)                                              Page: 4
In re Woolsey, 696 F.3d 1266, 1278 (10th Cir. 2012)                                 Page: 5
Dewsnup v. Timm, 502 U.S. 410, 417 (1992)                                           Page: 5, 6
Gottron v OneWestBank, Dkt. 40 (Case No. 11-20773; p.3 Bankr. D. Md. 03/16/12)      Page: 5
Johnson v. Asset Management Group, LLC                                              Page: 5
In re Millard, 414 B.R. 73 (D. Md. 2009)                                            Page: 6
First Mariner Bank v. Johnson, 411 B.R. 221 (D. Md. 2009)                           Page: 6
Ryan v. Homecomings Financial Network, 253 F.3d 778 (2001)                          Page: 6
Branigan v. Davis, (Case No. 12-1184, pp. 11-12) (4th Cir. 05/10/13)                Page: 6

### **Statutes:**

11 U.S.C. § 506                                                                     Page: 4, 5, 6
11 U.S.C § 1322                                                                     Page: 4, 5, 6
486 B.R. 422, 425-426 (Bankr. D. Ill. 2013)                                         Page: 4
226 B.R. 364, 369 (D. Md. 1998)                                                     Page: 5

## STATEMENT OF APPELLATE JURISDICTION

The Statement of Appellate Jurisdiction was set forth adequately in Appellants' Opening Brief and need not be restated herein.

## STATEMENT OF THE ISSUES PRESENTED

No Basis Exists for Lien Avoidance Pursuant to 11 U.S.C. § 506(d).

## STANDARD OF REVIEW

The standard of review was adequately set forth in the Appellants' Opening Brief and need not be restated herein.

## STATEMENT OF THE CASE

The Statement of the Case was adequately set forth in the Appellants' Opening Brief and need not be restated herein.

## STATEMENT OF THE FACTS

The Statement of the Facts was adequately set forth in the Appellants' Opening Brief and need not be restated herein.

## ARGUMENT:

*No Basis Exists for Lien Avoidance Pursuant to 11 U.S.C. § 506(d):*

No direct decisional authority has been cited by Appellee upon which a Bankruptcy Court has based a lien avoidance action in a Chapter 13 case exclusively upon the provisions of 11 U.S.C. § 506(d). This is because such authority for a lien avoidance civil action under Section 506(d) does not exist. *See, eg; Brisco v. United States (In re Brisco)*, 486 B.R. 422. 425-426 (Bankr. D. Ill. 2013) ("The Briscos, through their Complaints, effectively seek to cancel the SBA's liens *pursuant to § 506(a) and § 1322(b)(2)* because the secured claim of JPMorgan exceeds the

value of the subject properties, leaving nothing to which the SBA's liens can attach.") (emphasis supplied); *In re Woolsey*, 696 F.3d 1266, 1278 (10th Cir. 2012) ("Given all this, it's perhaps no surprise that of all the circuit courts approving of lien stripping in reorganization cases, not a single one has taken up the Woolseys' invitation to do so using § 506(d)"). Indeed, the *Woolsey*[1] opinion correctly concluded that in light of the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992), no lien avoidance under 11 U.S.C. § 506(d) exists under the Bankruptcy Code, period.

        Judge Catliota's single opinion on this subject, not cited by Appellee, contained a summary conclusion without any basis or authority that "the provision that effectuates § 506(a) is § 506(d*)" Gottron v OneWestBank*, Dkt. 40(Case No. 11-20773; p.3 Bankr. D. Md. 03/16/12). However, this is indicative of the lack of thoughtful analysis required to parse between the two provisions, that results in offhanded comments which cannot be seriously perceived as authority for pursuing a lien avoidance under 11 U.S.C. § 506(d). This offhanded sloppiness in drafting was evident the Appellants' own civil complaint in this adversary proceeding, where 11 U.S.C. §§ 506(a) (d) were used interchangeably, and should not have been. The Appellants as noted in the Opening Brief that they abandon any theory of lien avoidance under Section 506(d) of the Code.

        The authorities in the District of Maryland are uniform in their interpretation of lien avoidance rights arising under 11 U.S.C. § 506(a). *See, eg*; *Johnson v. Asset Management Group, LLC,* 226 B.R. 364, 369 (D. Md. 1998) ("Code sections 1322(b)(2) and 506(a) provide

---

[1] Understandably given the criticism of the *Dewsnup* opinion and its inconsistent logic, the 10th Circuit in *Woolsey* found itself unhappily bound to that precedent for all purposes when reviewing Section 506(d) of the Code: "as Justice Jackson reminds us, whether or not the Supreme Court is infallible, it *is* final. *See Brown v. Allen, 344 U.S. 443*, 540 (1953) , , , And it belongs to that Court, not this one, to decide whether to revisit its precedent." *Woolsey*, 696 F.3d at 1268. Thus, there is no lien avoidance civil action under 11 U.S.C. § 506(d) under any context.

that such a lien may be stripped off and the rights of the unsecured creditor modified."); *In re Millard,* 414 B.R. 73 (D. Md. 2009); and *First Mariner Bank v. Johnson,* 411 B.R. 221 (D. Md. 2009).

Finally, the Fourth Circuit authorities as set forth in detail in Appellants' Opening Brief have not provided any support for premising a lien avoidance on 11 U.S.C. § 506(d). See, eg; *See, Ryan v. Homecomings Financial Network*, 253 F.3d 778 (2001) (no lien avoidance under 11 U.S.C. § 506(d) in Chapter 7); *See, Branigan v. Davis*, (Case No. 12-1184, pp. 11-12) (4th Cir. 05/10/13) (lien avoidance post-Chapter 7 discharge in a subsequent Chapter 13 case pursuant to 11 U.S.C. § 506(a) and 1322(b)(2) not violative of Dewsnup and 11 U.S.C. § 506(d)).

Accordingly, the essential and fundamental logic underpinning Judge Mannes' decision in this adversary proceeding; namely, that a claim must be filed prior to any lien avoidance action being completed because of the logic of 11 U.S.C. § 506(d) is non-existent. This is because there can be no civil action for a lien avoidance premised under Section 506(d).

The remaining areas of the appeal have been adequately addressed by Appellants' Opening Brief and are incorporated hereto by reference.

**CONCLUSION**

For all of the foregoing reasons, the United States District Court should reverse and overturn the Amended Decision and the Decision entered by the Bankruptcy Court in the above captioned matter and remand with instructions consistent herewith.

                                        RESPECTFULLY SUBMITTED,
                                        ------------/S/ John D. Burns

                                        John D. Burns, Esquire, Fed. Bar No. 22777
                                        The Burns LawFirm, LLC
                                        6303 Ivy Lane, Suite 102
                                        Greenbelt, Maryland 20770
                                        *jburns@burnsbankruptcyfirm.com*
                                        Counsel to Appellants

October 24, 2014